**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL TAYLOR | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| v. | ) | |
| | ) | |
| REGENT ASSET MANAGEMENT SOLUTIONS, INC., a Colorado Corporation; MICHAEL SCATA, Individually and in his official capacity, and WILLIAM J. GREIM, JR, | ) ) ) ) ) ) | |
| | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff, MICHAEL TAYLOR, by and through counsel, and for his Complaint against the Defendants, REGENT ASSET MANAGEMENT SOLUTIONS, INC., MICHAEL SCATA, and WILLIAM J. GRIEM JR., states to this Honorable Court as follows:

**INTRODUCTION**

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection

      practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

  b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

  c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over the Defendants by virtue of the fact that they are engaged in the business of collecting debts in this judicial district.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

6.     Plaintiff, MICHAEL TAYLOR (hereinafter referred to as "Plaintiff") is an individual who resides in the City of St. Louis, State of Missouri. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that he is a natural person alleged to owe a debt;

7.     Defendant, REGENT ASSET MANAGEMENT SOLUTIONS, INC. (hereinafter "REGENT"), is a Colorado corporation engaged in the business of collecting debts in this state with its principal place of business located at 7290 Samuel Drive, Suite 200, Denver, CO 80221. REGENT may be served as follows: Regent Asset Management Solutions, Inc., c/o Michael Scata, Registered Agent, 7290 Samuel Drive, Suite 200, Denver, CO 80221. The principal purpose of REGENT is the collection of debts using the mails and telephone, and REGENT regularly attempts to collect debts alleged to be due another. REGENT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8.     Defendant, MICHAEL SCATA (hereinafter "SCATA"), is a natural person who is or was an employee, agent, officer and/or director of REGENT at all relevant times. SCATA may be served at his current work address at: 7290 Samuel Drive, Suite 200, Denver, CO 80221 and at his resident address at 7131 Four Rivers Rd, Boulder, CO 80301. SCATA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that SCATA is liable for the acts of REGENT because he sets and approves REGENT collection policies, practices, procedures, and he directed the unlawful activities described herein.

9.     Defendant, WILLIAM J. GREIM, JR. (hereinafter referred to as "GREIM") is or was

at all relevant times an attorney licensed to practice law in the state of Missouri and his principal offices are located at 1902 W. Jesse James Rd., Excelsior Springs, Missouri 64024.  GREIM may be served at his principal offices.  The principal business of GREIM is the collection of debts using the mails and telephone, and GREIM regularly attempts to collect debts alleged to be due another.  GREIM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

11. On a date or dates unknown to Plaintiff, he is alleged to have incurred a financial obligation to US Bank (hereinafter the "alleged debt").  The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.§ 1692a(5).

12. Sometime thereafter, on a date unknown to Plaintiff, the alleged debt was allegedly sold to REGENT.

13. Sometime thereafter, on a date unknown to Plaintiff, GREIM was employed to assist in the collection the alleged debt from Plaintiff.

14. Thereafter, Defendants sent a collection letter dated December 14, 2009 to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. A true and accurate copy of the December 14, 2009 collection letter is attached hereto as Exhibit "A," and by this reference is incorporated herein.

16. The collection letter dated December 14, 2009 (Exhibit "A") was Defendants' first written notice initially addressed to Plaintiff in connection with collecting the alleged debt to US Bank.

17. The collection letter dated December 14, 2009 (Exhibit "A") does not contain the notice required by 15 U.S.C. § 1692g(a)(3).

18. The collection letter dated December 14, 2009 (Exhibit "A") does not contain the notice required by 15 U.S.C. § 1692g(a)(4).

19. The collection letter dated December 14, 2009 (Exhibit "A") does not contain the notice required by 15 U.S.C. § 1692g(a)(5).

20. The collection letter dated December 14, 2009 (Exhibit "A") was on the letterhead of GREIM's office.

21. The collection letter dated December 14, 2009 (Exhibit "A") represented or implied that Plaintiff's account had been reviewed by GREIM.

22. Plaintiff is informed and believes and thereon alleges that GREIM did not conduct a professional review of the Plaintiff's account before sending the collection letter dated December 14, 2009 (Exhibit "A") to Plaintiff.  See *Cloman v. Jackson,* 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

23. Plaintiff is informed and believes, and thereon alleges that the collection letter dated December 14, 2009 (Exhibit "A") misrepresented the role and involvement of legal counsel.

24. Plaintiff is informed and believes, and thereon alleges that the collection letter dated

December 14, 2009 (Exhibit "A") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

25. Plaintiff is informed and believes, and thereon alleges that the collection letter dated December 14, 2009 (Exhibit "A") was designed, complied and/or furnished by Defendants to Plaintiff to create a false belief in the Plaintiff that GREIM was participating in the collection of the debt when in fact GREIM was not so participating.

26. The collection letter dated December 14, 2009 (Exhibit "A") states:

> This office represents Regent Asset Management Solutions and has been instructed to file a lawsuit against you **TEN (10) DAYS** after the date of this letter in connection with the above captioned claim.
> . . .
> Failure to resolve this matter within **TEN (10) DAYS** will result in the lawsuit being filed against you.

(emphasis in original).

27. The collection letter dated December 14, 2009 (Exhibit "A") stated "Enclosed with this notice is the petition copy that will be filed with the court in your jurisdiction."

28. The collection letter dated December 14, 2009 (Exhibit "A") contained a copy of the Petition Defendants drafted in connection with the alleged debt.

29. The collection letter dated December 14, 2009 (Exhibit "A") fails to provide Plaintiff 30 days to dispute the validity of the debt as required under 15 U.S.C. § 1692g(a)(3).

30. The collection letter dated December 14, 2009 (Exhibit "A") fails to provide Plaintiff 30 days to request verification of the debt under 15 U.S.C. § 1692g(a)(4).

31. The collection letter dated December 14, 2009 (Exhibit "A") fails to provide Plaintiff 30 days to request the name of the original creditor under 15 U.S.C. § 1692g(a)(5).

32. As of the date of the filing of this case, Defendants have not filed a lawsuit against Plaintiff on the alleged debt.

33. Defendants' letter falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff.

34. Defendants' letter was designed and intended to instill a false sense of urgency in the reader.

35. Defendants' letter represented or implied false threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

36. Plaintiff is informed and believes, and thereon alleges that the alleged debt was incurred and defaulted on over ten years ago, and was therefore time barred under Missouri law. R.S.Mo. §§ 516.110, 516.120, 516.120, 516.140, 516.145

37. Plaintiff is informed and believes, and thereon alleges that the collection letter dated December 14, 2009 (Exhibit "A"), misrepresented the actions Defendants were allowed to take under the law while attempting to collect the debt.

38. Plaintiff is informed and believes, and thereon alleges that in the collection letter dated December 14, 2009 (Exhibit "A"), Defendants made false statements about their ability to collect the debt.

39. The December 14, 2009 collection letter (Exhibit "A"), represented that Defendants had the right to collect contract interest on the alleged debt.

40. Plaintiff is informed and believes, and thereon alleges that there is no contract pertaining to the alleged debt, and therefore no contract interest may be collected.

41. Plaintiff is informed and believes, and thereon alleges that the December 14, 2009

collection letter (Exhibit "A"), misrepresented the amount of the debt by falsely stating contract interest could be collected.

42.  Plaintiff is informed and believes, and thereon alleges that the December 14, 2009 collection letter (Exhibit "A"), misrepresented the interest which could be collected, making false statements in an attempt to collect the debt.

43.  The December 14, 2009 collection letter (Exhibit "A"), represented that Defendants had the right to an attorney fees in the amount of $250.00.

44.  Plaintiff is informed and believes, and thereon alleges that there is no basis in law or contract for Defendants to charge a $250.00 attorney fee.

45.  Plaintiff is informed and believes, and thereon alleges that Defendants did not perform any services upon which they earned a $250.00 attorney fee.

46.  Plaintiff is informed and believes, and thereon alleges that the December 14, 2009 collection letter (Exhibit "A"), misrepresented the amount of attorney fees Defendants were entitled to collect.

47.  Plaintiff is informed and believes, and thereon alleges that the December 14, 2009 collection letter (Exhibit "A"), misrepresented the attorney fees which could be collected, making false statements in an attempt to collect the debt.

## VIOLATIONS OF THE FDCPA

48.  Plaintiff re-alleges the allegations contained in paragraphs Nos. 1 through 47 of his Complaint and incorporates the same by reference as though fully set forth herein;

49.  Defendants' acts and omissions violated the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., including, but not limited to, 15 U.S.C. §§ 1692d, 1692e,

1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5) and 1692j.

50. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

51. Defendant, REGENT is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

52. Defendant, SCATA is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

53. Defendant, GREIM is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

54. The financial obligation allegedly owed by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

55. In its attempt to collect upon the alleged debt from Plaintiff, Defendants have committed violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*., including, but not limited to, the following:

    a. Defendants falsely represented the character and legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10);

    b. Defendants falsely represented or implied that the communications were from an attorney, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

c.  Defendants falsely represented or implied that attorney GREIM had reviewed Plaintiff's file when GREIM had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

d.  Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e.  Defendants misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

f.  Defendants attempted to collect amounts which were not expressly authorized by an agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1);

g.  Defendants falsely represented the services rendered or compensation which may lawfully be received by Defendants for the collection of the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B) and 1692e(10);

h.  Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5);

i.  Defendants falsely threatened a the pending or imminent filing of a lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10);

j.  Defendants falsely represented the legal right to sue Plaintiff on the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

k.  Defendants failed to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3);

l.  Defendants failed to send Plaintiff a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, in violation of 15 U.S.C. § 1692g(a)(4);

m.  Defendants failed to send Plaintiff a written notice a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5);

n.  Defendants designed, compiled and/or furnished a form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor,

when in fact such person is not so participating, in violation of 15 U.S.C. § 1692j.

56. As a result of the Defendants' actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## **REQUEST FOR RELIEF**

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5) and 1692j;

c. Award Plaintiff his actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Award Plaintiff his statutory damages in an amount not exceeding $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

f. Award Plaintiff such other and further relief as may be just and proper.

By: /s/ Jovanna R. Longo
Jovanna R. Longo, EDMO#60294MO
Longo Law Firm
3394 McKelvey Road #107
Bridgeton, Missouri  63044
Tel:  (314) 827-4313
Fax: (314) 219-8566
Email: jovanna@longolawfirm.com